

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Warren McDonald
County Attorney
Tyler, Texas

Dear Sir:

Opinion No. O-1641
Re: Construction of Article 7150,
Vernon's Annotated Civil
Statutes, as pertains to
Tyler Commercial College.

We acknowledge receipt of your letter of October
12, 1939, wherein you request an opinion from this depart-
ment as follows:

"Is a commercial college wherein the
courses of bookkeeping, stenography, com-
mercial law, penmanship, etc., are taught
and the institution charges for scholarships
and operates for a profit, exempt under the
constitutional laws of our State from taxa-
tion?"

We have been informed that Tyler Commercial Col-
lege rents out a portion of its buildings for other pur-
poses than school purposes and our independent investiga-
tion reveals that a portion of the building owned and used
by Tyler Commercial College is used for a furniture store,
an electric appliance store and a radio station.

The Constitution of Texas in Article VIII, Sec-
tion 2, as amended, provides:

"That the Legislature may, by general
law, exempt from taxation . . . all build-
ings used exclusively and owned by persons
or associations of persons for school pur-
poses and the necessary furniture of all
schools . . ." (Emphasis ours)

This section is not self enacting but by its
terms only grants the power to the Legislature to allow
the exemption. Morris v. Mason, 5 S. W. 519; City of

Honorable Warren McDonald, page 2

Houston v. Scottish Rite Benevolent Association, 230 S. W. 978.

Pursuant thereto the Legislature passed numerous acts relative to tax exemptions. The last enactment being Article 7150, Vernon's Annotated Civil Statutes, which reads, insofar as this opinion is concerned, as follows:

"The following property shall be exempt from taxation, to-wit: All public colleges ... and all such buildings used exclusively and owned by persons or associations of persons for school purposes; ..." (Emphasis ours)

To determine the question involved here it is first necessary to arrive at the correct rule of construction as applied to tax exemptions. Article VIII, Section 1, of the Constitution of Texas provides that all taxes shall be equal and uniform. It is the chief duty of a government to afford protection to the person and property of citizens and in turn it is the duty of the citizens to bear a fair ratable proportion of the expenses incurred in affording such protection. Therefore, the property of the citizens must pay for its protection, thus making a just, fair and equal distribution of the burden which the State demands of those sharing its benefits. Taxation is therefore the rule, and exemption from taxation the exception. Cooley on Taxation, Second Edition, p.204; Athens v. Mayor, et al, 74 Ga. 413. Exemption, being the exception to the general rule, is not favored, and, when found to exist, the enactment by which it is given will not be enlarged by construction, but, on the contrary, will be strictly construed. Morris v. Mason, 5 S. W. 519; Santa Rosa Infirmary v. San Antonio, 259 S. W. 931; Cooley on Taxation, Second Edition, pp. 204-205.

Bearing in mind the foregoing we must determine whether or not Tyler Commercial College is a public college. The determinative questions are: First, is the property devoted to public use; second, was the property so received and is it so held as to be dedicated to public benefit instead of to private advantage or gain? Promfret School v. Town of Promfret, 136 Atl. 88. These questions must be answered that the school in question and its property is not used for the benefit of the public at large but is devoted to its own immediate use and gain. Our investigation also discloses that the school in question is incorporated with a capital stock of One Hundred Thousand Dollars

Honorable Warren McDonald, page 3

($100,000.00), having two thousand shares of a par value of Fifty Dollars ($50.00) each. These shares are subject to entering into the channels of commerce. We cannot say that the investment of capital in the corporation is an endowment for the benefit of the public at large, or that the buildings in which it might be invested are for the public use. We are, therefore, of the opinion that the school in question is not a "public college" as that term is used in Article 7150, Vernon's Annotated Civil Statutes.

We next pass to the question of the effect on such schools of the portion of Article 7150, Vernon's Annotated Civil Statutes, which provides for an exemption for all buildings used exclusively and owned by persons or associations of persons for school purposes. As stated above our investigation discloses that the buildings owned by Tyler Commercial College are not used exclusively by the college for school purposes. In view of such fact, we find it unnecessary to pass upon the question as to whether or not such building would be exempt in the event it is used exclusively for school purposes. For, the use of a part of the property for other than school purposes, would in any event remove the buildings from the exemption. Red v. Johnson, 53 Tex. 284; Edmunds v. San Antonio, 36 S. W. 495; Little Theatre v. City of Dallas, 124 S. W. (2d) 863.

You are further advised that we do not believe the term "building" should be expanded to include personal property. We are of the opinion that if such schools are entitled to any exemption at all it is limited to the buildings and lands used exclusively and owned for school purposes and does not apply to the personal property.

On June 20, 1934, Honorable Scott Gaines, Assistant Attorney General, in a letter opinion, held that the furniture and fixtures of such schools were exempt. Insofar as there is a conflict between this opinion and that of the Honorable Scott Gaines, the latter is hereby expressly overruled.

Honorable Warren McDonald, page 4

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~~Richard H. Cooke~~
Richard H. Cooke
Assistant

RHC:LM

APPROVED JAN 12, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN
